IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN GARDNER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>HARVARD UNIVERSITY, HARVARD EXTENSION SCHOOL, NEW ENGLAND CENTER/HOME VETERANS; TIM MURPHY; and TANNA WISE,<br><br>　　　　　　Defendants. | 8:22CV38<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff, John Gardner, a non-prisoner, filed a motion for leave to proceed in forma pauperis (Filing 2). Upon review of Plaintiff's motion, the court finds Plaintiff is financially eligible to proceed in forma pauperis.

　　　　The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　Upon reviewing Plaintiff's Complaint and Request for Injunction (Filing 1), which was filed on February 4, 2022, the court finds this action is filed in the wrong venue, and must be dismissed.

　　　　28 U.S.C. § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States," and provides in relevant part:

　　　　(b) Venue in general.—A civil action may be brought in—

　　　　(1) a judicial district in which any defendant resides, if all defendants
　　　　are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

No Defendant is alleged to be a citizen of Nebraska, nor are any of the events described in the Complaint alleged to have occurred in Nebraska. To the contrary, it is alleged the events giving rise to claims against (1) Harvard University occurred in Cambridge and Boston, Massachusetts, and in Minneapolis, Minnesota; (2) Harvard Extension School also occurred in Cambridge and Boston, Massachusetts, and in Minneapolis, Minnesota; (3) New England Center/Home Veterans, a Massachusetts corporation, occurred in Boston, Massachusetts; (4) Tim Murphy, a Minnesota citizen, occurred in Minneapolis and La Crescent, Minnesota; and (5) Tanna Wise, a Wisconsin citizen, occurred in Bologna, Italy, Washington, D.C., Minneapolis, Minnesota, and Madison Wisconsin. (See Filing 1, pp. 3-4, 8.)

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*. *Gaither v. Georgia*, No. 4:19CV3029, 2019 WL 1789681, at *1-2 (D. Neb. Apr. 24, 2019); *see also Anderson v. Butts*, No. 21-CV-0937 (SRN/DTS), 2021 WL 1811846, at *2 (D. Minn. May 6, 2021) ("A district court may act *sua sponte* under § 1406(a).") (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006)).

Plaintiff in his Complaint also refers to a pending lawsuit in the District of Massachusetts, and indicates the present action was filed because Plaintiff has not received a ruling on a motion for a temporary restraining order filed in that case.[1]

---

[1] The Eighth Circuit does not look favorably on duplicative litigation tactics such as this. *See Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 n. 2 (8th Cir. 2021).

(See Filing 1 at 7.) The court takes judicial notice of the court file in *John B. Gardner v. Harvard University & Harvard Extension School; New England Center/Home Veterans; Boston Housing Authority*, Case No. 1:21-cv-12076-NMG (D. Mass.), and finds the Massachusetts case involves the first three named Defendants in the present action, and substantially similar claims. Plaintiff's Massachusetts case was originally filed in Kentucky on December 13, 2021, *see John B. Gardner v. Harvard University, et al.*, Case No. 1:21-cv-164-GNS (W.D. Ky.), but was transferred *sua sponte* to the District of Massachusetts on December 15, 2021.

Because duplicative litigation is pending in Massachusetts, it would not be in the interest of justice to transfer the case there or to any other district. And because that action was filed first, it takes precedence. Under the first-filed rule, where parallel actions are filed in different jurisdictions, "the first court in which jurisdiction attaches has priority to consider the case." *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990). The present action therefore will be dismissed without prejudice.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for leave to proceed in forma pauperis (Filing 2) is granted, and his Complaint and Request for Injunction (Filing 1) shall be filed without payment of fees.

2. Pursuant to 28 U.S.C. § 1406(a), this action is dismissed without prejudice.

3. Judgment shall be entered by separate document.

Dated this 10th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge